## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MANUEL GONZALEZ,                :
    Petitioner                   :
                                 :        No. 1:21-cv-2165
    v.                           :
                                 :        (Judge Rambo)
LAUREL HARRY, *et al.*,          :
    Respondents                  :

## MEMORANDUM

On December 20, 2021, *pro se* Petitioner Manuel Gonzalez, who is currently incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI Camp Hill"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  Gonzalez seeks to overturn his 2013 state-court conviction and sentence, which were entered by the Court of Common Pleas of Lehigh County, Pennsylvania.  (*Id.* at 1; Doc. No. 11 ¶ 2.)  Respondents move to transfer this case to the United States District Court for the Eastern District of Pennsylvania, where the conviction and sentencing occurred.  (Doc. No. 11.)  For the following reasons, the Court will grant Respondents' unopposed motion to transfer.

## I.     BACKGROUND

Gonzalez is serving a 20- to 40-year sentence for third-degree murder imposed by the Court of Common Pleas of Lehigh County.  (Doc. No. 1 at 1; Doc. No. 13 at 1.)  He is currently incarcerated at SCI Camp Hill, which is located in Cumberland

County and thus situated in the Middle District of Pennsylvania.  *See* 28 U.S.C. § 118(b).  Consequently, under 28 U.S.C. § 2241(d),[1] Gonzalez properly filed his Section 2254 petition in this Court.

Respondents, with concurrence of the District Attorney's Office for Lehigh County, move to transfer this case to the United States District Court for the Eastern District of Pennsylvania, another acceptable venue pursuant to Section 2241(d).  *See* 28 U.S.C. § 2241(d); 28 U.S.C. § 118(a).  Gonzalez has not opposed or otherwise responded to Respondents' motion to transfer, and therefore the motion is ripe for disposition.

## II.    DISCUSSION

Pennsylvania, like many other states, has multiple federal judicial districts. *See* 28 U.S.C. § 118.  Under 28 U.S.C. § 2241(d), a petition for a writ of habeas corpus under Section 2254 can be filed in either the district where the petitioner is in custody, or in the district where the petitioner was convicted and sentenced.  28 U.S.C. § 2241(d).  Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action

---

[1] Section 2241(d) states, "Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." 28 U.S.C. § 2241(d).

to any other district or division where it might have been brought[.]"  28 U.S.C.

§ 1404(a); *see In re Nwanze*, 242 F.3d 521, 526 & n.2 (3d Cir. 2001).

Respondents argue that the Eastern District is the more appropriate venue

under the circumstances.  As they explain, all the state-court records, transcripts of

proceedings, and witnesses are likely located in that district.  Moreover, the District

Attorney's Office of Lehigh County, which prosecuted Gonzalez's case and will be

responsible for responding to Gonzalez's Section 2254 petition, is likewise located

in the Eastern District.

The Court thus finds that, for the convenience of the parties and witnesses,

and in the interest of justice, Respondents' unopposed motion to transfer should be

granted.  *See In re Nwanze*, 242 F.3d at 526 & n.2.  The Court will therefore transfer

this case pursuant to 28 U.S.C. § 1404(a) to the Eastern District of Pennsylvania.

## III.   CONCLUSION

Based on the foregoing, the Court will grant Respondents' unopposed motion

to transfer (Doc. No. 11) and will transfer Gonzalez's Section 2254 petition to the

United States District Court for the Eastern District of Pennsylvania.  An appropriate

Order follows.

<u>s/ Sylvia H. Rambo</u>
United States District Judge

Dated: May 3, 2022